ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | | |
|---|---|---|
| **BARBARA PALOMINO ALONSO** | * | CIVIL: |
| **QUERELLANTE** | * | CA2019CV03609 |
| | * | |
| VS. | * | SOBRE: 404 |
| | * | |
| Stonemor Puerto Rico LLC | * | |
| Stonemor Puerto Rico Cemetery and | * | |
| Funeral Inc. | * | |
| Stonemor Puerto Rico Subsidiary LLC | * | |
| Stonemor GP LLC | * | |
| Aseguradoras A y B | * | DESPIDO INJUSTIFICADO; LEYES 80 |
| | * | DE 1976; LEY 100 DE 1959; TITLE VII |
| QUERELLADOS | * | OF THE CIVIL RIGHTS ACT, LEY 115, |
| | * | ART. 1802 |
| | * | (BAJO PROCEDIMIENTO |
| | * | SUMARIO O LEY 2) |

## QUERELLA

**AL HONORABLE TRIBUNAL:**

Comparece la parte Querellante, Bárbara Palomino Alonso, por conducto de la abogada que suscribe, quien muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1. La parte Querellante, Bárbara Palomino Alonso, (en adelante Perjudicada/Querellante) es mayor de edad(+40), soltera, empleada y vecina de Carolina con dirección Cond. Villa Cristóbal, Calle Violeta #3 Apt. 906, Carolina, PR 00979.

2. La Sra. Palomino (cubana, católica) era empleada regular o a tiempo completo para la(s) querellada(s) por 6 años y 2 meses.

3. La parte Querellada son afiliadas o subsidiarias con nombre (en adelante Patrono) son corporaciones dedicadas a servicios funerarios como autorizadas por información y creencia a realizar negocios en el Estado Libre Asociado de Puerto Rico con dirección postal en: Stonemor Puerto Rico Cemetery and Funeral Inc. 311 Veteran Highway Suite B Levittown, PA 19056, cuyo Agente Residente es: CSC Prentice Hall 105 Ponce de León, San Juan, PR 00917. Stonemor Puerto Rico LLC con dirección de agente residente en The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC con Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918. Stonemor Puerto Rico Subsidiary LLC con dirección de agente residente en: The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918. Stonemor GP LLC corporación foránea autorizada a hacer negocios en Puerto Rico con agente residente en The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918

4. Las corporaciones antes mencionadas pagaban los salarios y/o ejercían las funciones de patrono de la Sra. Palomino al igual que de los más de 20 empleados que tienen en sus facilidades en la isla.

1

5. Las co-querelladas Aseguradoras A y B son, por información y creencia, entidades jurídicas realizando negocios en Puerto Rico por autorización del Departamento de Estado y del Comisionado de Seguros. En estos momentos, desconocemos su verdadero nombre. Se entiende que estas compañías emitieron pólizas en vigencia a la fecha de los hechos que cubrían y responden, de acuerdo a su póliza por hechos conforme se desprende de la querella, por los actos de las corporaciones antes mencionadas sus oficiales, agentes y empleados.

## HECHOS RELEVANTES

1. El 13 de abril de 2018 la Sra. Palomino fue despedida constructivamente de su empleo por el patrono.
2. La Querellante trabajó con la parte(s) Querellada(s) desde febrero de 2012.
3. La Sra. Palomino trabajó como consejera familiar de servicios funerarios y su desempeño fue uno de excelencia donde logró premios como los mejores números en ventas para la región.
4. La Sra. Palomino fue víctima de discrimen, bajo un ambiente hostil y de represalias laboral por parte de la gerencia y compañeros.
5. Estas actuaciones se incrementaron luego de que doña Barbara se quejara con Omayra Sánchez (evangélica/protestante, puertorriqueña, menor de 40 años) encargada de Recursos Humanos de que habían puesto unas citas religiosas en la pantalla de la computadora que usaba la querellante. La compareciente le manifestó que por regulación federal/estatal ésta no debía permitir que se hicieran ese tipo de manifestación religiosa en el lugar del trabajo. Ya la Sra. Palomino se había percatado que la Sra. Sánchez estaba contratando "hermanos" de la iglesia o gente de su mismo pensar religioso, que actuaban en el lugar del trabajo como si el mismo fuera parte de la iglesia.
6. Tan pronto se quejó de las manifestaciones religiosas se comenzó contra la Sra. Palomino, un patrón de conducta hostil ya que comenzaron a hacer comentarios inapropiados contra ella por parte no solo de la gerencia sino también compañeros. Eventualmente Recursos Humanos la movió a otra área del negocio o en otra sucursal, donde ella se vio afectada económicamente ya que no producía lo mismo que cuando estaba en central, lo que tuvo un impacto económico en el salario de la compareciente.
7. La movieron a la Sra. Palomino a una "esquina", haciéndole la vida imposible para que no pudiera producir y así lucir mal cuando bajaran sus números de ventas.
8. Como cuestión de hecho la compareciente se ganaba como norma un salario de sobre $100k al año (salario base, beneficios, más comisiones por ventas y bonos de producción), en el puesto de trabajo donde laboró por 6 años y con el cambio a la nueva localidad a duras penas haría lo que se estima la mitad en salario por la merma en comisiones de ventas.
9. No solo eso, sino que el patrón de discrimen hacia la trabajadora fue uno tal que

se inventaron o tergiversaron situaciones hasta suspenderla de empleo y sueldo.

10. La compareciente se vio tan afectada que en o para el 13 de abril de 2018 cuando se entregó el bono por producción por 2017, ella fue a la única persona que no se lo pagaron.

11. La querellante entiende que este patrón de conducta fue uno dirigido para provocar que ella se fuera o renunciara del negocio ya que no pudo aguantar mas el trato desigual al que fue sujeto.

12. La parte Querellada se vio obligada a renunciar y aunque se fue a otro empleo con otro patrono en un área similar no gana la misma cantidad de dinero que con la(s) querellada(s).

13. Se entiende que se despidió constructivamente a la Sra. Palomino, en o para el 13 de abril de 2018, ello en contravención de la ley, reglamentos y jurisprudencia aplicables.

14. La Sra. Palomino había radicado ante la EEOC una querella de discrimen en junio de 2017 y otra por represalias el 12 de febrero de 2018. Tuvo que radicar una querella por represalias ya que el patrono comenzó a hacerle la vida imposible, tomar sus pertenencias y ponerlas en bolsas de basura, darle instrucciones que no le daban al resto del equipo de trabajo y luego le daban reprimendas improcedentes, entre otros.

15. De igual manera la parte querellada no le ha remitido a la Sra. Palomino el pago de su bono de producción por el año 2017, que al momento del despido era un derecho adquirido y se entiende es por la cantidad aproximada de $3,000.

16. La parte Querellante ha sufrido daños y angustias mentales que se calculan en una cantidad no menor de $100,000.00.

17. De igual manera la parte querellante solicita que se le pague su bono de producción, así como la compensación correspondiente al amparo de la #80.

18. Consecuentemente, se solicita en adición al pago de toda penalidad a la que tenga derecho y un 25% de honorarios de abogado.

19. Se solicita el pago del "back pay","front pay" y/o la reinstalación a su puesto de trabajo con los mismos beneficios que tenía.

20. La parte Querellante se acoge al procedimiento especial de carácter sumario que establece la Ley #2 del 17 de octubre de 1961, según y que la cobijaba al momento de comenzar su trabajo con la parte querellada.

21. La Sra. Bárbara Palomino Alonso tenía una expectativa de continuar trabajando para su patrono hasta su retiro. Todas las acciones antes descritas le han causado daños y angustias mentales al ver una merma no solo en ingresos sino que fue víctima de un patrón de trato desigual por pertenecer a la clase protegida, de ambiente hostil laboral y como de represalias.

## DERECHO APLICABLE

1. La <u>Ley Núm. 80 de 30 de mayo de 1976</u>, 29 L.P.R.A., sec. 185a, mejor

3

conocida como ley de Despido Injustificado (Ley de Mesada), (en adelante Ley 80).

2. La Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A., sec. 146, mejor conocida como Ley Contra el Discrimen en el Empleo, (en adelante Ley 100).

3. La Ley 80, supra, procura proteger a los empleados de cualquier industria, comercio o negocio en Puerto Rico de los efectos adversos de los despidos injustificados. A la vez que otorga unos remedios consubstanciales con los daños causados por un despido injustificado, busca desalentar la incidencia de este tipo de despido. 1976 Leyes de Puerto Rico, pág. 268. Citado en García Burgos v. EELA, 2007 T.S.P.R. 29. Así la ley dota al empleado despedido sin justa causa del derecho a recibir de su patrono el sueldo correspondiente a entre dos y seis meses por concepto de indemnización y una indemnización progresiva adicional equivalente a entre una y tres semanas por cada año de servicio. 29 L.P.R.A. sec. 185a; Delgado Zayas v. Hosp. Int. Med. Avanzada, 137 D.P.R. 630, 642-643 (1994). Esta compensación pretende "brinda[r] a los trabajadores que han sido despedidos sin justa causa la oportunidad de disfrutar de una indemnización que les permita suplir sus necesidades básicas durante el tiempo que les pueda tomar conseguir un nuevo empleo". Díaz v. Wyndham Hotel Corp., 155 D.P.R. 364, 375 (2001).

4. Para ser acreedor a la protección y a los beneficios que ofrece la Ley 80, supra, el empleado separado de su cargo debe cumplir con los siguientes requisitos: (a) la existencia de una relación obrero-patrono en algún negocio, industria o sitio de empleo; (b) que la labor rendida sea remunerada; (c) que el trabajador haya sido contratado sin tiempo determinado; (d) que el empleado haya sido despedido sin que medie justa causa. C. Zeno Santiago y otros, Tratado de Derecho del Trabajo, San Juan, Puerto Rico, Publicaciones JTS, 2003, Tomo I, pág. 98; Departamento del Trabajo y Recursos Humanos, Guía revisada para la aplicación de la Ley Núm. 80 de 30 de mayo de 1976, enmendada, 21 de septiembre de 2000, pág. 27-8. Citado en García Burgos v. AEELA, 2007, T.S.P.R. 29.

5. En lo esencial, ser despedido sin justa causa para ello tiene efectos morales, económicos, sociales y jurídicos comparables para todos los empleados. Unos y otros requieren una indemnización que les permita atender sus necesidades básicas y las de sus familias durante el tiempo que les pueda tomar conseguir un nuevo empleo. García Burgos v. AEELA ante.

6. La Ley Núm. 80, supra, tiene un valioso propósito social y coercitivo, a saber, sancionar que un patrono despida a su empleado u empleada salvo que demuestre una causa justificada para ello. En otras palabras, tiene el propósito de brindarle mayor protección a los trabajadores de Puerto Rico. Igualmente, tiene un fin reparador, pues provee remedios justicieros y consubstanciales con los daños que puede haberle causado a un cesanteado un despido injustificado. Beauchamp v. Holsum Bakers of P.R., 116 D.P.R. 522, 526 (1985). En vista

4

de su propósito reparador, la Ley 80, supra, debe siempre interpretarse de manera liberal y favorable al empleado. Belk v. Martínez, res. El 30 de junio de 1998, 146 D.P.R. 215; Martínez Reyes v. Tribunal Superior, 104 D.P.R. 407 (1975).

7. La compensación que al amparo de la Ley 100 se concede, incluye, entre otras, la pérdida económica según los ingresos y beneficios que un Demandante dejó de percibir desde la fecha del despido hasta la fecha de la Sentencia. Odriozola v. S. Cosmetic Dist. Corp., 116 D.P.R. 485, 505-506 (1985). Cita en Maldonado Rodríguez v. Banco Central, 138 D.P.R. 268 (1995). Dicha compensación por ingreso dejados de percibir es parte y goza del mismo carácter de gananciabilidad que le hemos adjudicado al lucro cesante. Y, al referirnos al lucro cesante, lo hemos calificado como "ingresos dejados de percibir". En este sentido la reclamación referente a ingresos dejados de percibir queda inmersa dentro del concepto de lucro cesante; no son susceptibles de ser compensados separadamente. Maldonado Rodríguez v. Banco Central, ante.

8. Siendo los salarios elemento esencial de la relación obrero-patronal, el lucro cesante está claramente comprendido dentro de los daños incluidos bajo la Ley Núm. 100, supra.

9. La Sra. Palomino radicó la querella ante la EEOC basándose en discrimen debido a su condición de persona protegida, al discrimen sufrido y las represalias por haberse quejado con la agencia federal.

10. La Sra. Palomino fue despedida constructivamente de su cargo sin que haya mediado justa causa para ello, y tal y como lo dispone la Ley 80, corresponde que su patrono le pague la correspondiente indemnización y mesada, que en total se estima en una cantidad no menor de $80,000 dólares.

11. Corresponde que se le conceda a la Querellante una partida por los salarios que ha dejado de devengar luego que se quejó y que se le transfirió como represalia. Dichos salarios o ganancias salariales como de bonificaciones dejadas de devengar se calculan en una cantidad no menor de $150,000.

12. El pago de du bono de producción correspondiente para 2017 que aproxima los $3,000.

13. Una partida por daños, morales y angustias mentales en una cantidad no menor de $100, 000.

14. Se solicita se le conceda una partida de "back pay", "front pay" y/o la reinstalación a su puesto de trabajo.

15. Entendemos las partes co-querelladas violaron el Título VII del Cvil Rights Act, u otros estatutos y/o regulaciones federales.

16. La querellada violó la ley 115 de 20 de diciembre de 1991 ningún patrono puede despedir a ningún empleado por que ofrezca o intente ofrecer verbalmente o por escrito cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en PR.

17. Como resultado de la actuación de los Querellada(s) del caso, la parte

5

    compareciente ha recibido el impacto negativo de sufrimientos y angustias mentales calculados en no menos de $100,000.00.

18. De igual modo la perjudicada tiene derecho a todas las penalidades en ley, costas, gastos y honorarios de abogados a razón del 25% de la totalidad.
19. Las partes co-querelladas son solidariamente responsables a la parte Querellante por los actos culposos y omisiones negligentes por ellos efectuados por sus empleados, agentes, oficiales o representantes.
20. La parte se reserva el derecho de traer observaciones o alegaciones particulares adicionales no contenidas que se puedan encontrar bajo el descubrimiento de prueba u otro medio.

## SÚPLICA

**POR TODO LO CUAL,** se solicita muy respetuosamente de este Honorable Tribunal que tome conocimiento de lo antes expuesto, declare **HA LUGAR** la presente Querella y en su consecuencia, condene a las co-querelladas, en forma solidaria, a pagarle a la parte Querellante las sumas reclamadas en la Querella, al igual que el 25% de honorarios de abogado, así como todas las penalidades en ley, las costas, gastos e intereses acumulados desde la radicación de la Demanda o todos los remedios a los que tenga derecho.

**RESPETUOSAMENTE SOMETIDA.** En San Juan para Carolina, Puerto Rico, hoy 20 de diciembre de 2018.

                            **f/ LCDA. ALMA Y. DURÁN NIEVES-**RUA 15,153
                            **DLC, L.L.C.**
                            Cond. Altagracia 5C #262 Calle Uruguay
                            San Juan, P.R.  00917
                            Tel:(787) 432-4444
                            E-mail: duranlegalconsulting@gmail.com

**\*\*\*Esta demanda no cancela sellos por ser una reclamación bajo las ley 2 sobre procedimiento sumario.\*\*\***

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | | |
|---|---|---|
| **BARBARA PALOMINO ALONSO**<br>**QUERELLANTE** | * * * | **CIVIL:** CA2018CV03609 |
| **VS.** | * * | **SOBRE:** 404 |
| Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Aseguradoras A y B | * * * * * * * * | **DESPIDO INJUSTIFICADO; LEYES 80 DE 1976; LEY 100 DE 1959; TITLE VII OF THE CIVIL RIGHTS ACT, LEY 115, ART. 1802**<br>**(BAJO PROCEDIMIENTO SUMARIO O LEY 2)** |
| **QUERELLADOS** | * * | |

ESTADOS UNIDOS DE AMERICA,
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A: Stonemor Puerto Rico Subsidiary LLC con dirección de agente residente en: The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva a la querella anejada dentro de los diez (10) días de haber sido diligenciado este emplazamiento, si esta se hiciere en el distrito judicial donde se promueve la acción y dentro de quince (15) días en los demás casos excluyéndose el día del diligenciamiento, notificando copia de la misma al(a la) abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la querella, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente. Favor de notificar contestación a:

**LCDA. ALMA Y. DURAN NIEVES-RUA 15,153**
**DLC. L.L.C.**
**COND. ALTAGRACIA 5-C262 CALLE URUGUAY**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

Expedido bajo mi firma y sello del Tribunal, hoy _____ de _____ de _____.

DEC 2 1 2018

Lcda. Marilyn Aponte Rodríguez
Secretaria Regional

_____
Secretario(a)

*Angélica M. Romero Chaparro*
Secretaria Auxiliar del Tribunal
Sub-Secretario(a)

Caso núm. _____

F015

Caso núm. _____

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, __Ruth Rivera__, _mayor de edad, soltera, vecina de San Juan, emplazadora_, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el __21__ de __diciembre__ de __2018__, de la siguiente forma:

___ Mediante entrega personal a la parte demandada en la siguiente dirección física: _____

___ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física: _____

__X__ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: __The Prentice-Hall Corporation System, Puerto Rico Inc. Citi Tower, 252 Ponce de León Ave, P15000__

___ No se pudo diligenciar el emplazamiento personalmente debido a que _____

### COSTOS DEL DILIGENCIAMIENTO

$ _____

### DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en __San Juan__, Puerto Rico, hoy día __21__ de __diciembre__ de __2018__.

_____
(firma del(de la) emplazador(a))

__378 Calle Mayor A. Davila SJ__
(dirección del(de la) emplazador(a))

AFFIDÁVIT NÚM. __9993__

Jurado(a) y suscrito(a) ante mí por __Ruth Rivera__, de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer __Lic. 4494679__, (conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En __San Juan__, Puerto Rico, hoy día __21__ de __diciembre__ de __2018__.

_____
NOTARIO(A) PÚBLICO

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | | |
|---|---|---|
| BARBARA PALOMINO ALONSO<br>QUERELLANTE | * * * | CIVIL: CA2018CV03609 |
| VS. | * * * | SOBRE: 404 |
| Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Aseguradoras A y B | * * * * * * * | DESPIDO INJUSTIFICADO; LEYES 80 DE 1976; LEY 100 DE 1959; TITLE VII OF THE CIVIL RIGHTS ACT, LEY 115, ART. 1802<br>(BAJO PROCEDIMIENTO SUMARIO O LEY 2) |
| QUERELLADOS | * * | |

ESTADOS UNIDOS DE AMERICA,
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A: Stonemor PR LLC con dirección de agente residente en The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC con Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918.

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva a la querella anejada dentro de los diez (10) días de haber sido diligenciado este emplazamiento, si esta se hiciere en el distrito judicial donde se promueve la acción y dentro de quince (15) días en los demás casos excluyéndose el día del diligenciamiento, notificando copia de la misma al(a la) abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la querella, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente. Favor de notificar contestación a:

**LCDA. ALMA Y. DURAN NIEVES-RUA 15,153**
**DLC. L.L.C.**
**COND. ALTAGRACIA 5-C262 CALLE URUGUAY**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

DEC 2 1 2018

Expedido bajo mi firma y sello del Tribunal, hoy _____ de _____ de _____

Lcda. Marilyn Aponte Rodríguez
Secretaria Regional

Secretario(a)
Angélica M. Romero Chaparro
Secretaria Auxiliar del Tribunal

Sub-Secretario(a)

F015

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, _Ruth Rivera_, _mayor de edad, soltera, vecina de San Juan, emplazadora_, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _21_ de _diciembre_ de _2018_, de la siguiente forma:

___ Mediante entrega personal a la parte demandada en la siguiente dirección física: _____

___ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física: _____

_✓_ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: _The Prentice-Hall Corporation System P.R. Inc Citi Tower, 252 Ponce de León Ave. Piso 20_

___ No se pudo diligenciar el emplazamiento personalmente debido a que _____

### COSTOS DEL DILIGENCIAMIENTO

$ _____

### DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _San Juan_, Puerto Rico, hoy día _21_ de _diciembre_ de _2018_.

_____
(firma del(de la) emplazador(a))

_328 c/don A. Davila S.J._
(dirección del(de la) emplazador(a))

AFFIDÁVIT NÚM. _9994_

Jurado(a) y suscrito(a) ante mí por _Ruth Rivera_, de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer _Lic. 449679_, (conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _San Juan_, Puerto Rico, hoy día _21_ de _diciembre_ de _2018_.

_____
NOTARIO(A) PÚBLICO

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | | |
|---|---|---|
| BARBARA PALOMINO ALONSO<br>QUERELLANTE | * * * | CIVIL: CA2018-CV03607 |
| VS. | * * | SOBRE: |
| Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and<br>Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Aseguradoras A y B | * * * * * * * * | DESPIDO INJUSTIFICADO; LEYES 80 DE 1976; LEY 100 DE 1959; TITLE VII OF THE CIVIL RIGHTS ACT, LEY 115, ART. 1802<br>(BAJO PROCEDIMIENTO SUMARIO O LEY 2) |
| QUERELLADOS | * * | |

ESTADOS UNIDOS DE AMERICA,
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:   Stonemor Puerto Rico Cemetery and Funeral Inc. 311 Veteran Highway Suite B Levittown, PA 19056, cuyo Agente Residente es: CSC Prentice Hall 105 Ponce de León, San Juan, PR 00917. Dirección alternativa de Agente Residente:
The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC con Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918.

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva a la querella anejada dentro de los diez (10) días de haber sido diligenciado este emplazamiento, si esta se hiciere en el distrito judicial donde se promueve la acción y dentro de quince (15) días en los demás casos excluyéndose el día del diligenciamiento, notificando copia de la misma al(a la) abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la querella, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente. Favor de notificar contestación a:

LCDA. ALMA Y. DURAN NIEVES-RUA 15,153
DLC. L.L.C.
COND. ALTAGRACIA 5-C262 CALLE URUGUAY
SAN JUAN, PR 00917
(787) 432-4444
DURANLEGALCONSULTING@GMAIL.COM

DEC 2 1 2018

Expedido bajo mi firma y sello del Tribunal, hoy _____ de _____ de _____.

Lcda. Marilyn Aponte Rodríguez
Secretaría Regional

Secretario(a)

Angélica M. Romero Chaparro
Secretaria Auxiliar del Tribunal
Sub-Secretario(a)

Caso núm. _____

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, _Rut Rivera_ _mayor de edad, soltera, vecina de San Juan, empleadora_____, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _21_ de _Diciembre_ de _2018_, de la siguiente forma:

___ Mediante entrega personal a la parte demandada en la siguiente dirección física: _____

_X_ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física: _Ave. Ponce de León edif. 252 The Prentice-Hall Coorparation System, P.R. Inc. Citi Tower_

_X_ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: _____

___ No se pudo diligenciar el emplazamiento personalmente debido a que _____

### COSTOS DEL DILIGENCIAMIENTO

$ _____

### DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _San Juan_, Puerto Rico, hoy día _21_ de _Diciembre_ de _2018_.

_____
(firma del(de la) emplazador(a))

_378 c/ Norte Davila SJ_
(dirección del(de la) emplazador(a))

AFFIDÁVIT NÚM. _9991_

Jurado(a) y suscrito(a) ante mí por _Rut Rivera_, de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer _Lic. 4494679_, (conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _San Juan_, Puerto Rico, hoy día _21_ de _Diciembre_ de _2018_.

_____
NOTARIO(A) PÚBLICO

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | | |
|---|---|---|
| BARBARA PALOMINO ALONSO<br>QUERELLANTE | * * * | CIVIL: CA2019CV03609 |
| VS. | * * | SOBRE: 404 |
| Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC*<br>Stonemor GP LLC<br>Aseguradoras A y B | * * * * * * * * | DESPIDO INJUSTIFICADO; LEYES 80 DE 1976; LEY 100 DE 1959; TITLE VII OF THE CIVIL RIGHTS ACT, LEY 115, ART. 1802 |
| QUERELLADOS | * * | (BAJO PROCEDIMIENTO SUMARIO O LEY 2) |

ESTADOS UNIDOS DE AMERICA,
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A: Stonemor GP LLC corporación foránea autorizada a hacer negocios en Puerto Rico con agente residente en The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva a la querella anejada dentro de los diez (10) días de haber sido diligenciado este emplazamiento, si esta se hiciere en el distrito judicial donde se promueve la acción y dentro de quince (15) días en los demás casos excluyéndose el día del diligenciamiento, notificando copia de la misma al(a la) abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la querella, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente. Favor de notificar contestación a:

**LCDA. ALMA Y. DURAN NIEVES-RUA 15,153**
**DLC. L.L.C.**
**COND. ALTAGRACIA 5-C262 CALLE URUGUAY**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

Expedido bajo mi firma y sello del Tribunal, hoy _____ de __DEC 2 1 2018__ de _____

Lcda. Marilyn Aponte Rodríguez
Secretaria Regional
Secretario(a)

Angélica M. Romero Chaparro
Sub-Secretario(a)

Caso núm. _____

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, Rut Rivera, mayor de edad, soltera, vecina de San Juan, empleada, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el 21 de diciembre de 2018, de la siguiente forma:

___ Mediante entrega personal a la parte demandada en la siguiente dirección física: _____

___ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física: _____

X Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: The Prentice-Hall Corporation System P.R. Inc, Citi Tower, 252 Ponce de Leon Ave Piso 20

___ No se pudo diligenciar el emplazamiento personalmente debido a que _____

### COSTOS DEL DILIGENCIAMIENTO

$ _____

### DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en S.J., Puerto Rico, hoy día ___ de _____ de ____.

_____
(firma del(de la) emplazador(a))

378 c/ Arzuaga Davila 378 SJ
(dirección del(de la) emplazador(a))

AFFIDÁVIT NÚM. 9992

Jurado(a) y suscrito(a) ante mí por Rut Rivera, de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer Lic. 4494679, (conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En San Juan, Puerto Rico, hoy día 21 de diciembre de 2018.

_____
NOTARIO(A) PÚBLICO

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | | |
|---|---|---|
| **BARBARA PALOMINO ALONSO** * | **CIVIL: CA2018CV03609 (404)** |
| **QUERELLANTE** * | |
| * | |
| **VS.** * | **SOBRE:** |
| * | |
| Stonemor Puerto Rico LLC * | |
| Stonemor Puerto Rico Cemetery and * | |
| Funeral Inc. * | |
| Stonemor Puerto Rico Subsidiary LLC* | |
| Stonemor GP LLC * | |
| Aseguradoras A y B * | **DESPIDO INJUSTIFICADO; LEYES 80** |
| * | **DE 1976; LEY 100 DE 1959; TITLE VII** * |
| **QUERELLADOS** * | **OF THE CIVIL RIGHTS ACT, LEY 115,** |
| * | **ART. 1802** |
| * | **(BAJO PROCEDIMIENTO** |
| _____ * | **SUMARIO O LEY 2)** |

**URGENTE SOLICITUD DE ANOTACIÓN DE REBELDÍA A TODAS LAS PARTES QUERELLADAS**

**AL HONORABLE TRIBUNAL:**

Comparece la parte Querellante, Bárbara Palomino Alonso, por conducto de la abogada que suscribe, quien muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1. La parte Querellante, Barbará Palomino Alonso, emplazó oportunamente a la a todas las co-demandadas el 21 de diciembre de 2018. Anejamos copia de los emplazamientos diligenciados a todas las co-querelladas.

2. Las co-querelladas tenían en o hasta el 5 de enero de 2019 para contestar la querella. Al momento de radicar esta moción las parte co-querelladas no han contestado la querella de marras.

3. No habiendo oportunamente contestado o solicitado prórroga de conformidad al procedimiento sumario y su jurisprudencia aplicable solicitamos se anote la rebeldía contra todas las partes co-querelladas dictando sentencia de conformidad y/o se señale la correspondiente vista de daños.

**SÚPLICA**

**POR TODO LO CUAL,** se solicita muy respetuosamente de este Honorable Tribunal que tome conocimiento de lo antes expuesto, declare **HA LUGAR** la presente Querella y en su consecuencia, condene a las co-querelladas, en forma solidaria, a pagarle a la parte Querellante las sumas reclamadas en la Querella, al igual que el 25% de honorarios de abogado, así como todas las penalidades en ley, las costas, gastos e intereses acumulados desde la radicación de la Demanda o todos los remedios a los que tenga derecho la parte compareciente.

**RESPETUOSAMENTE SOMETIDA**. En San Juan para Carolina, Puerto Rico, hoy 8 de enero de 2019.

**f/ LCDA. ALMA Y. DURÁN NIEVES-**RUA 15,153
Cond. Altagracia 5C #262 Calle Uruguay
San Juan, P.R. 00917
Tel:(787) 432-4444
E-mail: duranlegalconsulting@gmail.com

1

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE** Carolina
SALA SUPERIOR DE Carolina

| BARBARA PALOMINO ALONSO | CASO NÚM. | CA2018CV03609 (CIVIL 404) |
|---|---|---|
| VS | | |
| STONEMOR PUERTO RICO CEMENTERY AND FUNERAL INC. Y OTROS | SOBRE: | PROCEDIMIENTO SUMARIO DE RECLAMACIONES LABORALES (LEY 2-1961) |

## NOTIFICACIÓN

A:   ALMA Y. DURÁN NIEVES
     DURANLEGALCONSULTING@GMAIL.COM

     STONEMOR GP LLC
     THE PRENTICE HALL CORP C/O FAST SOLUTIONS LLC, CITI TOWER 252 PONCE DE LEON FLOOR 20, SAN JUAN, PUERTO RICO, 00918
     STONEMOR PUERTO RICO CEMENTERY AND FUNERAL INC.
     CSC/PRENTICE HALL C/O FAST SOLUTIONS LLC, 105 AVE. PONCE DE LEON, SAN JUAN, PUERTO RICO, 00917
     STONEMOR PUERTO RICO LLC
     PRENTICE HALL C/O FAST SOLUTIONS LLC CITI TOWER, 252 AVE PONCE DE LEON FLOOR 20, SAN JUAN, PUERTO RICO, 00918
     STONEMOR PUERTO RICO SUBSIDIARY LLC
     THE PRENTICE HALL CORP. C/O FAST SOLUTIONS LLC, CITI TOWER 252 AVE. PONCE DE LEON FLOOR 20, SAN JUAN, PUERTO RICO, 00918

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al (a la) MOCIÓN DE ANOTACIÓN DE REBELDÍA [4] este Tribunal emitió una ORDEN el 09 de enero de 2019.

Se transcribe la determinación a continuación:
CON LUGAR.  ASIMISMO, QUEDA SENALADA VISTA EN REBELDIA.  LA MISMA SE CALENDARIZA PARA EL 29 DE ENERO DE 2019, 2:00PM. [7]

                                                        f/WILFREDO J. MALDONADO GARCÍA

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 10 de enero de 2019, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  Carolina, Puerto Rico, a 10 de enero de 2019.


| MARILYN APONTE RODRÍGUEZ | Por: | f/DENISSE MINERVA TORRES RUIZ |
|---|---|---|
| Nombre del (de la) Secretario(a) Regional | | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |