## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BARBARA PALOMINO ALONSO**<br><br>    Plaintiff<br><br>                 v.<br><br>**STONEMOR PUERTO RICO LLC**<br>**STONEMOR PUERTO RICO CEMETERY**<br>**AND FUNERAL, INC.**<br>**STONEMOR PUERTO RICO SUBSIDIARY,**<br>**LLC**<br>**STONEMOR GP, LLC**<br><br>    Defendants | **CIVIL NO:** 19-1052 (GAG) |

## ANSWER TO COMPLAINT

Defendants StoneMor Puerto Rico LLC, StoneMor Puerto Rico Cemetery and Funeral, Inc., StoneMor Puerto Rico Subsidiary, LLC, StoneMor GP, LLC (collectively referred to as "Defendants"), appear to answer the Complaint filed by Plaintiff:

1.      Of the allegations in Paragraph 1 of the Complaint, Defendants only admit that Plaintiff Barbara Palomino-Alonso is of legal age and that, based upon information and belief, she resides at the alleged address. Defendants deny the rest of Paragraph 1 of the Complaint for lack of knowledge sufficient to form an averment as to the truth of the allegations.

2.      Of the allegations in Paragraph 2 of the Complaint, Defendants admit that Palomino was a full time employee of StoneMor Puerto Rico Cemetery and Funeral, Inc.  Defendants also admit that, based on Palomino' self-identification, she is of Cuban national origin.  Defendants deny knowledge of Palomino's religion. Defendants deny the rest of Paragraph 2 of the Complaint.

3.      Defendants admit Paragraph 3 of the Complaint except that they deny that named co-Defendants StoneMor GP LLC, StoneMor Puerto Rico Subsidiary LLC, and StoneMor Puerto

Rico LLC were Palomino's employer during the relevant time. At all relevant times, Palomino's employer was StoneMor Puerto Rico Cemetery and Funeral, Inc.

4.      Defendants deny Paragraph 4 of the Complaint except that they admit that Co-Defendant StoneMor Puerto Rico Cemetery and Funeral, Inc. was Palomino's employer during the relevant time and that this entity has more than 20 employees.

5.      Defendants deny Paragraph 5 of the Complaint as it is not addressed to them.

## RELEVANT FACTS

1.      Defendants deny Paragraph 1 of this Section of the Complaint.

2.      Defendants admit Paragraph 2 of this Section of the Complaint and further clarify that StoneMor Puerto Rico Cemetery and Funeral, Inc. was Palomino's employer.

3.      Of the allegations in Paragraph 3 of this Section of the Complaint, Defendants admit that Palomino was a Family Services Counselor but deny that her performance was "excellent".  Defendants deny the rest of this Paragraph of the Complaint.

4.      Defendants deny Paragraph 4 of this Section of the Complaint.

5.      Defendants deny Paragraph 5 of this Section of the Complaint.

6.      Defendants deny Paragraph 6 of this Section of the Complaint.

7.      Defendants deny Paragraph 7 of this Section of the Complaint.

8.      Defendants deny Paragraph 8 of this Section of the Complaint.

9.      Defendants deny Paragraph 9 of this Section of the Complaint.

10.      Defendants deny Paragraph 10 of this Section of the Complaint.

11.      Defendants deny Paragraph 11 of this Section of the Complaint.

12.      Defendants deny Paragraph 12 of this Section of the Complaint.

13.      Defendants deny Paragraph 13 of this Section of the Complaint.

14.     Defendants deny Paragraph 14 of this Section of the Complaint, except that they only admit that Palomino filed a discrimination and a retaliation charge before the Equal Employment Opportunity Commission.

15.     Defendants deny Paragraph 15 of this Section of the Complaint.

16.     Defendants deny Paragraph 16 of this Section of the Complaint.

17.     Defendants deny that Palomino is entitled to the remedies sought in Paragraph 17 of this Section of the Complaint.

18.     Defendants deny that Palomino is entitled to the remedies sought in Paragraph 18 of this Section of the Complaint.

19.     Defendants deny that Palomino is entitled to the remedies sought in Paragraph 19 of this Section of the Complaint.

20.     Paragraph 20 of the Complaint does not require a responsive pleading. The special proceedings for labor disputes provided in Puerto Rico Act No. 2 of October 17, 1961 does not apply to proceedings in Federal court. *See* Hoyos v. Telecorp Communs., Inc., 488 F.3d 1, 5 (1st Cir. 2007).  If a response is requires, Defendants deny this Paragraph of the Complaint.

21.     Defendants deny Paragraph 21 of this Section of the Complaint.

## APPLICABLE LAW

1.     Paragraph 1 of this Section of the Complaint does not require a responsive pleading as it is a statement of law/case law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

2.     Paragraph 2 of this Section of the Complaint does not require a responsive pleading as it is a statement of law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

3.      Paragraph 3 of this Section of the Complaint does not require a responsive pleading as it is a statement of law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

4.      Paragraph 4 of this Section of the Complaint does not require a responsive pleading as it is a statement of law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

5.      Paragraph 5 of this Section of the Complaint does not require a responsive pleading as it does not contain a statement of fact. Alternatively, Defendants deny this Paragraph of the Complaint.

6.      Paragraph 6 of this Section of the Complaint does not require a responsive pleading as it is a statement of law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

7.      Paragraph 7 of this Section of the Complaint does not require a responsive pleading as it is a statement of law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

8.      Paragraph 8 of this Section of the Complaint does not require a responsive pleading as it is a statement of law and not a statement of fact. Defendants deny they violated the law cited in this Paragraph. Alternatively, Defendants deny this Paragraph of the Complaint.

9.      Of the allegation in Paragraph 9 of this Section of the Complaint, Defendants admit that Palomino filed charges of discrimination before the EEOC. The EEOC dismissed the charges filed by Palomino because it was unable to conclude that the information obtained established a violation of the laws invoked. Defendants deny the rest of the allegations in this Paragraph.

10.     Defendants deny Paragraph 10 of this Section of the Complaint.

11.     Defendants deny Paragraph 11 of this Section of the Complaint.

12.     Defendants deny Paragraph 12 of this Section of the Complaint. Palomino is not entitled to the remedies sought.

13.     Defendants deny Paragraph 13 of this Section of the Complaint. Palomino is not entitled to the remedies sought.

14.     Defendants deny Paragraph 14 of this Section of the Complaint. Palomino is not entitled to the remedies sought.

15.     Defendants deny Paragraph 15 of this Section of the Complaint.

16.     Defendants deny Paragraph 16 of this Section of the Complaint.

17.     Defendants deny Paragraph 17 of this Section of the Complaint.

18.     Defendants deny Paragraph 18 of this Section of the Complaint.

19.     Defendants deny Paragraph 19 of this Section of the Complaint.

20.     Paragraph 20 of this Section of the Complaint does not requires a responsive pleading.  Alternatively, Defendants deny this Paragraph.

Defendants deny the PRAYER section of the Complaint.

Defendants deny any allegation not expressly admitted.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted against Defendants.

2.     Defendants Stonemor Puerto Rico LLC, Stonemor Puerto Rico Subsidiary, LLC, Stonemor GP, LLC, were not Palomino's employers. All claims against them should be dismissed at the pleadings staged for failure to state a claim upon which relief can be granted.

3.      Palomino cannot base any discrimination, harassment, and retaliation claim on some of the incidents alleged in the Complaint since they are discrete acts for which she did not file a timely administrative or judicial claim within the statutory limitations period.

4.      Some of or all of Palomino's allegations as to the time and place of the alleged discriminatory and retaliatory actions and/or statements are vague and ambiguous, and thus do not meet the requirements of FRCP 9(f).

5.      The claims are in whole or in part barred by the applicable statute of limitations.

6.      Palomino voluntarily resigned from her employment at StoneMor.

7.      Palomino's work environment was not so intolerable that a reasonable person would have felt compelled to resign.

8.      During her employment with StoneMor, Palomino received twelve disciplinary admonishments, the majority of which pre-date any alleged protected activity.

9.      StoneMor did not harass or discriminate against Palomino because of her religion, national origin or on any basis forbidden by applicable law, be it Commonwealth of Puerto Rico or federal.

10.      StoneMor did not intentionally retaliate against Palomino or discriminate or harass her because of her religion or national origin.

11.      StoneMor did not have knowledge of Palomino's religious beliefs or practices.

12.      Any act or omission which may be attributed to Defendants was based on legitimate business considerations that had nothing to do with Palomino's religion, national origin or alleged protected activity.

13.      Any act or omission which may be attributed to Defendants was based on non-discriminatory and non-retaliatory reasons.

14.     StoneMor has policies that prohibit any form of harassment, discrimination or retaliation forbidden by law.

15.     Palomino received a copy and/or had knowledge of StoneMor's policies prohibiting harassment, discrimination and retaliation, and of the procedures established to report any incident.

16.     StoneMor exercised reasonable care to prevent and correct promptly any alleged discriminatory, retaliatory and/or harassing behavior.

17.     Palomino did not exhaust procedural prerequisites or other administrative remedies for some or all of the claims alleged in the Complaint.

18.     The alleged incidents of harassment, discrimination and/or retaliation did not take place.

19.     Palomino has failed to set forth a *prima facie* case of discrimination, harassment or retaliation on the basis of any of the statutes invoked in the Complaint.

20.     Palomino did not suffer an adverse employment action.

21.     StoneMor has not infringed upon any of Palomino rights under Title VII of the Civil Rights Act of 1964 nor any other applicable federal or local statutes.

22.     StoneMor did not retaliate against Palomino in violation of the Civil Rights Act of 1964 or any other applicable statute.

23.     Palomino cannot establish a *prima facie* case of retaliation.

24.     Palomino did not suffer an adverse employment action as a result of engaging in a protected activity.

25.     Causes of action and facts which Palomino did not include in the charges filed with the EEOC should be dismissed.

26.     Palomino did not suffer damages.

27.     In the alternative, Palomino engaged in contributory negligence and her alleged damages, if any, should be reduced in direct proportion to his negligence.

28.     In the alternative, the damages claimed by Palomino are imaginary, fictitious and grossly exaggerated.

29.     Palomino is not entitled to punitive damages.

30.     Palomino has a duty to mitigate the damages requested in the Complaint and the same should be denied or substantially reduced to the extent that she has not mitigated them.

31.     There is a duplicity in the damages that Palomino is seeking.

32.     The compensation that Palomino is seeking is limited by a cap.

33.     Palomino is not entitled to any remedy under any statute or regulation, federal or local.

34.     Palomino is not entitled to pre-judgment interests.

35.     Palomino is not entitled to attorney's fees.

36.     Defendants reserves the right to raise additional defenses that may arise during discovery.

We certify that we will send an exact copy of the present motion by e-mail and regular mail to Attorney Alma Y. Durán Nieves, Duran Legal Consulting P.S.C., Cond. Altagracia 5C, #262 Calle Uruguay, San Juan, PR 00917, duranlegalconsulting@gmail.com.

In San Juan, Puerto Rico this 22nd day of January, 2019.

**JACKSON LEWIS LLC**
Attorneys for Defendants
American International Plaza, Suite 404
250 Muñoz Rivera Avenue
San Juan, PR 00918
Telephone: (787) 522-7305
Fax: (787) 522-7306

*/s Juan Felipe Santos*
USDC-PR No. 221705
Juan.Santos@jacksonlewis.com


*/s Maralyssa Álvarez Sánchez*
USDC-PR No. 224011
AlvarezM@jacksonlewis.com