**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, CAROLINA PART**

| | | |
|---|---|---|
| **BARBARA PALOMINO ALONSO**<br>**PLAINTIFF**<br><br>V.<br><br>Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Insurance Companies A and B<br><br>**DEFENDANTS** | **CIVIL:**<br>CA2018cv03609<br><br>**RE:**<br>404<br><br>**WRONGFUL TERMINATION; ACTS 80 OF 1976; ACT 100 OF 1959; TITLE VII OF THE CIVIL RIGHTS ACT; ACT 115, ART. 1802**<br>**(UNDER SUMMARY PROCEDURE OR ACT 2)** | [ink stamp:<br>RECEIVED CLERK'S OFFICE<br>DOCUMENT FILINGS<br>JC OF CAROLINA<br><br>2018 DEC 21 PM 3:01] |

**COMPLAINT**

**TO THE HONORABLE COURT**

Comes now the Plaintiff, Bárbara Palomino Alonso, through the undersigned legal counsel, who very respectfully **STATES, ALLEGES AND PRAYS**:

1. The Plaintiff, Bárbara Palomino Alonso, (hereinafter the Aggrieved Party/Plaintiff), is of legal age (+40), single, an employee and resident of Carolina, whose address is Cond. Villa Cristóbal, #3 Violeta Street, Apt. 906, Carolina, PR 00979.

2. Mrs. Palomino (Cuban, Catholic) was a regular or full-time employee of the Defendant(s) for 6 years and 2 months.

3. The Defendant(s) are affiliates or subsidiaries with name [sic] (hereinafter "Employer") are corporations engaged in the business of funeral services and authorized, by information and belief, to conduct business in the Commonwealth of Puerto Rico, whose mailing address is: Stonemor Puerto Rico Cemetery and Funeral Inc. 311 Veteran Highway Suite B Levittown, PA 19056, whose Resident Agent is: CSC Prentice Hall 105 Ponce de León, San Juan, PR 00917. Stonemor Puerto Rico LLC with Resident Agent address at The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918. Stonemor Puerto Rico Subsidiary LLC with resident agent address at: The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918. Stonemor GP LLC foreign corporation authorized to conduct business in Puerto Rico with resident agent at The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León Floor 20, San Juan, PR 00918.

4. The aforementioned corporations paid the wages and/or exercised the duties of employer of Mrs. Palomino and the other more than 20 employees they have in their facilities on the island.

5. Co-Defendant Insurance Companies A and B are, by information and belief, legal entities conducting business in Puerto Rico by authorization of the Department of State and the Commissioner of Insurance. At this time, we do not know their real names. It is our understanding that these companies had policies issued and in effect at the time of the events that provided coverage for such events and that they are liable for the actions of the aforementioned corporations, their officers, agents and employees, under their policies, in relation to the actions alleged in the complaint.

## RELEVANT FACTS

1. On April 13, 2018, Mrs. Palomino was the object of constructive termination by her employer.
2. The Plaintiff worked with the Defendant(s) since February 2012.
3. Mrs. Palomino worked as a funeral services family counselor and her performance was excellent. She received awards for having the best sales numbers in the region.
4. Mrs. Palomino was the object of discrimination, in a hostile environment, and employment retaliation on the part of management and coworkers.
5. These actions became worse after Mrs. Palomino complained to Omayra Sánchez (Evangelist/Protestant, Puerto Rican, under the age of 40) in charge of Human Resources about the fact that they had placed religious quotes on the screen of the computer that the Plaintiff used. The appearing party expressed to her that under federal/state regulations she should not allow this type of religious expression to be made at the workplace. Mrs. Palomino had already noticed that Mrs. Sánchez was hiring "brothers and sisters" from the church or people who had the same religious beliefs as her, who acted in the workplace as if it were part of the church.
6. As soon as she complained about these religious expressions, a pattern of hostile conduct commenced against Mrs. Palomino, when, not only management, but also coworkers, started making inappropriate comments against her. Eventually, Human Resources moved her to another area of the business, or another branch. This affected her financially because she no longer earned what she used to earn at the central branch, having an economic impact on the appearing party's salary.
7. They moved Mrs. Palomino to a "corner," making her life impossible so that she could not produce and would look bad when her sales numbers went down.
8. As a question of fact, the appearing party usually earned a salary of over $100,000.00 annually (base salary, benefits, sales commissions and production bonuses), in the work position that she held for 6 years, and with the change to the new location, she would barely make what is estimated to be half of her salary, due to a reduction in sales commissions.
9. Not only that, but the pattern of discrimination toward the employee was such that they made up or distorted situations, even suspending her without pay.

10. The appearing party was so affected that on or about April 13, 2018, when the production bonuses for 2017 were paid, she was the only person who did not receive hers.

11. The Plaintiff believes that this pattern of conduct was intended to cause her to leave or resign from the business because she could no longer withstand the unequal treatment that she was the object of.

12. The Defendant was forced to resign and although she found another job with another employer in a similar area, she does not earn the same amount of money that she earned with the Defendant(s).

13. It is Mrs. Palomino's understanding that she was constructively terminated on or about April 13, 2018, in violation of applicable laws, regulations and case law.

14. Mrs. Palomino had filed with the EEOC a charge of discrimination in June 2017 and another charge on the grounds of retaliation on February 12, 2018. She had to file a charge of retaliation because the employer started to make her life impossible; taking her belongings and putting them in trash bags; giving her instructions that they didn't give the rest of the work team; and later giving her unfounded warnings, among others.

15. Furthermore, the Defendant(s) has failed to pay to Mrs. Palomino her production bonus for 2017, which at the time of her termination was a vested right and is believed to amount to $3,000.00 approximately.

16. The Plaintiff has suffered damages and mental anguish, which are calculated at no less than $100,000.00.

17. Furthermore, the Plaintiff hereby seeks to be paid her production bonus and the compensation she is entitled to pursuant to Act 80.

18. Consequently, the Plaintiff hereby also demands payment for any and all penalties that she is entitled to and 25% for attorney's fees.

19. The Plaintiff hereby demands back pay, front pay and/or reinstatement into her position with the same benefits that she had.

20. The Plaintiff is filing her claim in accordance with the special summary procedure laid down in Act 2 of October 17, 1961, which was in effect and protected her at the time that she started working with the Defendant.

21. Mrs. Barbara Palomino Alonso had expectations to continue working for her employer until retirement. All of the actions described above have caused her damages and mental anguish. She not only suffered a reduction in her income, but was also the object of a pattern of unequal treatment for belonging to a protected class, a hostile work environment, and retaliation.

## APPLICABLE LAW

1. <u>Act No. 80 of May 30, 1976,</u> 29 LPRA, Section 185a, better known as the Wrongful Termination (Severance Pay) Act, (hereinafter "Act 80").

3

2. <u>Act No. 100 of June 30, 1959,</u> 29 LPRA, Section 146, better known as the Anti-Employment Discrimination Act, (hereinafter "Act 100").

3. <u>Act 80</u>, supra, seeks to protect employees in any industry, trade or business in Puerto Rico, from the adverse effects of wrongful termination. It also grants fundamental remedies for damages caused by wrongful termination. It is intended to discourage the occurrence of this type of termination. 1976 Laws of Puerto Rico, page 268. Cited in <u>García Burgos v. EELA</u>, 2007 T.S.P.R. 29. To this end, the law gives employees who are terminated without good cause the right to receive compensation from their employer equivalent to two to six months of their salary, and additional progressive compensation, in an amount equivalent to one to three weeks per year of service. 29 L.P.R.A. Section 185a; <u>Delgado Zayas v. Hosp. Int. Med. Avanzada</u>, 137 D.P.R. 630, 642-643 (1994). Such compensation is intended to "provide workers who have been terminated without good cause the opportunity to receive some compensation that will allow them to meet their basic needs during the time it takes them to find a new job." <u>Díaz v. Wyndham Hotel Corp.</u>, 155 DPR 364, 375 (2001).

4. In order to qualify for the protection and benefits provided by <u>Act 80</u>, supra, employees who have been separated from their position must meet the following requirements: (a) there has to be an employer-employee relationship in a business, industry or place of employment; (b) the work performed needs to have been remunerated; (c) the worker needs to have been hired for an indefinite period of time; (d) the employee has to have been terminated without good cause. C. Zeno Santiago et al., <u>Tratado de Derecho del Trabajo</u> [Treaty on Labor Law], San Juan, Puerto Rico, JTS Publications, 2003, Tome I, page 98; Department of Labor and Human Resources, <u>Guía revisada para la aplicación de la Ley Núm. 80 de 30 de mayo de 1976</u> [Revised Guide for the Application of Act No. 80 of May 30, 1976], amended, September 21, 2000, page 27-8. Cited in <u>García Burgos v. AEELA</u>, 2007, TSPR 29.

5. In essence, being terminated without good cause has comparable emotional, economic, social and legal effects on all employees. They all need compensation in order to meet their basic needs and the needs of their families during the time that it takes them to find a new job. <u>García Burgos v. AEELA,</u> supra.

6. <u>Act No. 80</u>, supra, has a valuable social and coercive purpose, namely, to sanction employers for terminating employees, unless they are able demonstrate good cause for such action. In other words, it is intended to provide greater protection to workers in Puerto Rico. It is also intended to provide redress to the aggrieved party. To this end it provides inherent legal remedies for damages that wrongful termination can cause to an employee. <u>Beauchamp v. Holsum Bakers of P.R.,</u> 116 D.P.R. 522, 526 (1985). Given such intent to provide redress, <u>Act 80</u>, supra, must always be interpreted

in a liberal manner that favors the employee. <u>Belk v. Martínez,</u> resolved, June 30, 1998, 146 D.P.R. 215; <u>Martínez Reyes v. Tribunal Superior,</u> 104 D.P.R. 407 (1975).

7. The compensation provided by <u>Act 100</u>, includes, among others, compensation for financial losses suffered by a Plaintiff, due to lost income and benefits from the date of their termination to the date of Judgment. <u>Odriozola v. S. Cosmetic Dist. Corp.</u>, 116 D.P.R. 485, 505-506 (1985). Citation in <u>Maldonado Rodríguez v. Banco Central</u>, 138 D.P.R. 268 (1995). Such compensation for lost income is part of, and has the same profitable nature that we have attributed to, lost profit. And, when referring to lost profit, we have qualified it as "lost income." In that sense, a claim pertaining to lost income is immersed in the concept of lost profit. These cannot be compensated separately. <u>Maldonado Rodríguez v. Banco Central</u>, supra.

8. Given that wages are an essential element of every employer-employee relationship, lost profit is clearly included in the damages covered by <u>Act No. 100</u>, supra.

9. Mrs. Palomino filed the charge with the EEOC on the grounds of discrimination on the basis of her status as a protected person, the discrimination suffered, and retaliation for filing a claim with this federal agency.

10. Mrs. Palomino was the object of constructive termination from her position without good cause for this, and as provided by <u>Act 80</u>, her employer must pay to her the pertinent compensation and severance pay, which in total is estimated in an amount not less than $80,000.00 dollars.

11. The Plaintiff must be awarded compensation for the income that she stopped earning after she complained and was transferred in retaliation for this. Such lost income or earnings from bonuses are calculated in an amount not less than $150,000.00.

12. She must be awarded payment for her production bonus for 2017, which is close to $3,000.00;

13. As well as a sum for emotional damages and mental anguish in an amount not less than $100,000.00.

14. The Plaintiff also demands back pay, front pay and/or reinstatement to her work position.

15. We believe that the Co-Defendants violated Title VII of the Civil Rights Act, or other federal regulations and/or statutes.

16. The Defendant violated Act 115 of December 20, 1991. No employer can terminate an employee for giving, or attempting to give, verbal or written testimony, expression or information before a legislative, administrative or judicial venue in PR.

17. As a result of the Defendants' actions in this case, the appearing party has been impacted negatively,

due to the suffering and mental anguish she has undergone, which is calculated at not less than $100,000.00.

18. Likewise, the aggrieved party is entitled to all the penalties provided by law, costs, expenses and attorney's fees at a rate of 25% of the total amount.

19. The Co-Defendants are jointly liable to the Plaintiff for the culpable acts and negligent omissions that they engaged in through their employees, agents, officers or representatives.

20. The party reserves her right to bring forward any additional, particular allegations or observations not contained herein that may be found during discovery, or other relief.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff very respectfully prays that this Honorable Court take notice of the foregoing, **GRANT** this Complaint and consequently order the Co-Defendants to jointly pay to the Plaintiff the sums claimed in the Complaint, as well as 25% for attorney's fees, and any and all penalties provided by law, costs, expenses and interest accrued since the filing of the Complaint, or any and all remedies that she is entitled to.

**RESPECTFULLY SUBMITTED**, in San Juan for Carolina, Puerto Rico, this 20th of December 2018.

> **s/ MS. ALMA Y. DURÁN NIEVES, ESQ.-**RUA 15,153
> **DLC, LLC**
> Cond. Altagracia 5C #262 Uruguay Street
> San Juan, PR 00917
> Tel.: (787) 432-4444
> Email: duranlegalconsulting@gmail.com

**\*\*\*This complaint does not cancel stamps as it is a claim under Act 2 on summary procedure.\*\*\***

[CERTIFIED TRANSLATION]

Case 3:19-cv-01052   Document 1-3   Filed 01/18/19   Page 7 of 16

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## SUPERIOR COURT, CAROLINA PART

| | |
|---|---|
| **BARBARA PALOMINO ALONSO**<br>**PLAINTIFF**<br><br>V.<br><br>**Stonemor Puerto Rico LLC**<br>**Stonemor Puerto Rico Cemetery and Funeral Inc.**<br>**Stonemor Puerto Rico Subsidiary LLC**<br>**Stonemor GP LLC**<br>**Insurance Companies A and B**<br><br>**DEFENDANTS** | **CIVIL:**<br>*CA2018cv03609*<br><br>**RE:**<br>*404*<br><br><br>**WRONGFUL TERMINATION; ACTS 80 OF 1976; ACT 100 OF 1959; TITLE VII OF THE CIVIL RIGHTS ACT; ACT 115, ART. 1802**<br><br>**(UNDER SUMMARY PROCEDURE OR ACT 2)** |

THE UNITED STATES OF AMERICA
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO,

TO: Stonemor Puerto Rico Subsidiary LLC with resident agent address: The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León, Floor 20, San Juan, PR 00918.

  YOU ARE HEREBY summoned to file with the court your responsive pleading to the attached complaint within ten (10) days of service of this summons, if service occurs in the judicial district where the action is filed, and within fifteen (15) days, otherwise, excluding the day of service, serving a copy thereof on the plaintiff's attorney or the plaintiff, if the plaintiff does not have an attorney. Should you fail to file your responsive pleading within the aforementioned period, the court may enter default judgment against you and grant the relief sought in the complaint or any other relief that the court may deem pertinent in the exercise of its sound judgment. Please serve answer on:

**MS. ALMA Y. DURÁN NIEVES, ESQ.-RUA 15,153**
**DLC, LLC**
**COND. ALTAGRACIA 5-C262 URUGUAY STREET**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

[ink stamp: DEC 21 2018]
Issued under my signature and the seal of the Court, this _____, _____.

[ink stamp:
**Atty. Marilyn Aponte Rodríguez**
Regional Clerk]
Court Clerk

[ink stamp:
**Angélica M. Romero Chaparro**
Deputy Court Clerk] [initials]
Deputy Court Clerk

[round ink stamp:
COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SUPERIOR COURT, CAROLINA PART
(illegible) F015]

Case No.: _____

Case No.: _____

# PROOF OF SERVICE

[hw: *of legal age, single, resident of San Juan, summons server*]

I, [hw: *Rut Rivera*], hereby declare that I have the legal capacity required under Rule 4.3 of the Puerto Rico Rules of Civil Procedure, and I certify that the summons and the complaint in the case of reference were served by me on ___[hw: *December 21*]___, ___[hw: *2018*]___, as follows:

_____  By personal delivery to the defendant at the following physical address:
_____

_____  Making them accessible to the defendant in the defendant's immediate presence at the following physical address:_____

___X___  Leaving a copy of the documents with an agent authorized by the defendant or designated by law to receive summonses at the following physical address:
[hw: *The Prentice Hall Corporation System, Puerto Rico Inc. Citi Tower 252 Ponce de León Ave. Floor 20*]

_____  The summons could not be served in person because:
_____

## COSTS OF SERVICE

$ _____

## SUMMONS SERVER'S STATEMENT

I hereby declare under penalty of perjury, in accordance with the laws of the Commonwealth of Puerto Rico, that the information provided in the proof of service above is true and correct.

AND IN WITNESS WHEREOF, I sign the foregoing in [hw: *San Juan*], Puerto Rico, this [hw: *21st*] of [hw: *December, 2018*].

                                                [illegible signature]
                                          (Signature of Summons Server)
                                          [hw: *378 Juan A. Dávila St. SJ*]
                                          (Address of Summons Server)

AFFIDAVIT NO.: [hw: *9993*]

Sworn to and signed before me by ___[hw: *Rut Rivera*]_____, whose personal information is as stated above and whom I certify that I know [hw: *Lic. 4494679*]_____, (p*ersonal knowledge or, otherwise, the supplementary means of identification laid down in the Notary Act*)

In [hw: *San Juan*]___, Puerto Rico, this [hw: *21st*] of [hw: *December, 2018*].

.

| [Commonwealth of Puerto Rico Treasury Department Stamp and Receipt: |        [illegible signature]     |
|---|---|

          [Commonwealth of Puerto Rico Treasury
          Department Stamp and Receipt:

                   **Stamp**
                   (bar code)
**RECEIPT**
No. (illegible) **00136604**
                         9397
                    12/06/2018
(Treasury Logo)         $5.00
              $5 Legal Aid Stamp
              (illegible number)]

                                              [illegible signature]
                                              NOTARY PUBLIC

[partially legible round seal over stamp and receipt on left:
MANUEL VALLECILLO
ATTORNEY - NOTARY PUBLIC
(illegible)]

[CERTIFIED TRANSLATION]

Case 3:19-cv-01052   Document 1-3   Filed 01/18/19   Page 9 of 16

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, CAROLINA PART**

| | |
|---|---|
| **BARBARA PALOMINO ALONSO**<br>**PLAINTIFF**<br><br>**V.**<br><br>Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Insurance Companies A and B<br><br>**DEFENDANTS** | **CIVIL:**<br>CA2018cv03609<br><br>**RE:**<br>*404*<br><br>**WRONGFUL TERMINATION; ACTS 80 OF 1976; ACT 100 OF 1959; TITLE VII OF THE CIVIL RIGHTS ACT; ACT 115, ART. 1802**<br>**(UNDER SUMMARY PROCEDURE OR ACT 2)** |

THE UNITED STATES OF AMERICA
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO,

TO: Stonemor PR LLC with resident agent address: The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León, Floor 20, San Juan, PR 00918.

  YOU ARE HEREBY summoned to file with the court your responsive pleading to the attached complaint within ten (10) days of service of this summons, if service occurs in the judicial district where the action is filed, and within fifteen (15) days, otherwise, excluding the day of service, serving a copy thereof on the plaintiff's attorney or the plaintiff, if the plaintiff does not have an attorney. Should you fail to file your responsive pleading within the aforementioned period, the court may enter default judgment against you and grant the relief sought in the complaint or any other relief that the court may deem pertinent in the exercise of its sound judgment. Please serve answer on:

**MS. ALMA Y. DURÁN NIEVES, ESQ.-RUA 15,153**
**DLC, LLC**
**COND. ALTAGRACIA 5-C262 URUGUAY STREET**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

[ink stamp: DEC 21 2018]
Issued under my signature and the seal of the Court, this _____, _____.

[ink stamp:
**Atty. Marilyn Aponte Rodríguez**
Regional Clerk]
Court Clerk

[ink stamp:
**Angélica M. Romero Chaparro**
Deputy Court Clerk] [initials]
Deputy Court Clerk

[round ink stamp:
COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SUPERIOR COURT, CAROLINA PART
(illegible) F015]

Case No.:   _____

Case No.: _____

# PROOF OF SERVICE

[hw: *of legal age, single, resident of San Juan, summons server*]

I, [hw: *Rut Rivera*], hereby declare that I have the legal capacity required under Rule 4.3 of the Puerto Rico Rules of Civil Procedure, and I certify that the summons and the complaint in the case of reference were served by me on   [hw: *December 21*]  ,   *2018*]  , as follows:

_____   By personal delivery to the defendant at the following physical address:
_____

_____   Making them accessible to the defendant in the defendant's immediate presence at the following physical address: _____

___*X*___   Leaving a copy of the documents with an agent authorized by the defendant or designated by law to receive summonses at the following physical address:
[hw: *The Prentice Hall Corporation System, Puerto Rico Inc. Citi Tower 252 Ponce de León Ave. Floor 20*]

_____   The summons could not be served in person because:
_____

## COSTS OF SERVICE

$ _____

## SUMMONS SERVER'S STATEMENT

I hereby declare under penalty of perjury, in accordance with the laws of the Commonwealth of Puerto Rico, that the information provided in the proof of service above is true and correct.

AND IN WITNESS WHEREOF, I sign the foregoing in [hw: *San Juan*]  , Puerto Rico, this [hw: *21st*] of [hw: *December, 2018*].

[illegible signature]
(Signature of Summons Server)
[hw: *378 Juan A. Dávila St. SJ*]
(Address of Summons Server)

AFFIDAVIT NO.: [hw: *9994*]

Sworn to and signed before me by   [hw: *Rut Rivera*]                            , whose personal information is as stated above and whom I certify that I know [hw: *Lic. 4494679*]            , (p*ersonal knowledge or, otherwise, the supplementary means of identification laid down in the Notary Act*)

In [hw: *San Juan*]  , Puerto Rico, this [hw: *21st*] of [hw: *December, 2018*].

[Commonwealth of Puerto Rico Treasury Department Stamp and Receipt:

**Stamp**
(bar code)

**RECEIPT**
No. 18-A10351285
                                    9397
                              11/20/2018
(Treasury Logo)               $5.00
              $5 Legal Aid Stamp
              (illegible number)]

[illegible signature]
NOTARY PUBLIC

[partially legible round seal over stamp and receipt on left:
MANUEL VALLECILLO
ATTORNEY - NOTARY PUBLIC
(illegible)]

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR COURT, CAROLINA PART

| | |
|---|---|
| **BARBARA PALOMINO ALONSO**<br>**PLAINTIFF**<br><br>V.<br><br>Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Insurance Companies A and B<br><br>**DEFENDANTS** | **CIVIL:**<br>      (illegible)<br><br>**RE:**<br><br><br><br>**WRONGFUL TERMINATION; ACTS 80 OF 1976; ACT 100 OF 1959; TITLE VII OF THE CIVIL RIGHTS ACT; ACT 115, ART. 1802**<br>**(UNDER SUMMARY PROCEDURE OR ACT 2)** |

THE UNITED STATES OF AMERICA
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO,

TO: Stonemor Puerto Rico Cemetery and Funeral Inc. 311 Veteran Highway Suite B Levittown, PA 19056, whose resident agent is: CSC Prentice Hall 105 Ponce de León, San Juan, PR 00917.
Alternative Address of Resident Agent:
The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León, Floor 20, San Juan, PR 00918.

YOU ARE HEREBY summoned to file with the court your responsive pleading to the attached complaint within ten (10) days of service of this summons, if service occurs in the judicial district where the action is filed, and within fifteen (15) days, otherwise, excluding the day of service, serving a copy thereof on the plaintiff's attorney or the plaintiff, if the plaintiff does not have an attorney. Should you fail to file your responsive pleading within the aforementioned period, the court may enter default judgment against you and grant the relief sought in the complaint or any other relief that the court may deem pertinent in the exercise of its sound judgment. Please serve answer on:

**MS. ALMA Y. DURÁN NIEVES, ESQ.-RUA 15,153**
**DLC, LLC**
**COND. ALTAGRACIA 5-C262 URUGUAY STREET**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

[ink stamp: DEC 21 2018]
Issued under my signature and the seal of the Court, this _____, _____.

[ink stamp:
**Atty. Marilyn Aponte Rodríguez**
_Regional Clerk_]
Court Clerk

[ink stamp:
**Angélica M. Romero Chaparro**
_Deputy Court Clerk_] [initials]
Deputy Court Clerk

[round ink stamp:
COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SUPERIOR COURT, CAROLINA PART
(illegible) F015]

Case No.: _____

## PROOF OF SERVICE

[hw: *of legal age, single, resident of San Juan, summons server*]

I, [hw: *Rut Rivera*], hereby declare that I have the legal capacity required under Rule 4.3 of the Puerto Rico Rules of Civil Procedure, and I certify that the summons and the complaint in the case of reference were served by me on ___[hw: *December 21*]___, ___2018___, as follows:

_____ By personal delivery to the defendant at the following physical address:
_____

_____ Making them accessible to the defendant in the defendant's immediate presence at the following physical address:_____

___X___ Leaving a copy of the documents with an agent authorized by the defendant or designated by law to receive summonses at the following physical address:
[hw: *Bldg. 252 Ponce de León Ave., The Prentice Hall Corporation System, PR Inc. Citi Tower*]

___X___ The summons could not be served in person because:
_____
_____

## COSTS OF SERVICE

$ _____

## SUMMONS SERVER'S STATEMENT

I hereby declare under penalty of perjury, in accordance with the laws of the Commonwealth of Puerto Rico, that the information provided in the proof of service above is true and correct.

AND IN WITNESS WHEREOF, I sign the foregoing in [hw: *San Juan*]___, Puerto Rico, this [hw: *21st*] of [hw: *December, 2018*].

_____[illegible signature]_____
(Signature of Summons Server)
[hw: *378 Juan A. Dávila St. SJ*]
(Address of Summons Server)

AFFIDAVIT NO.: [hw: *9991*]

Sworn to and signed before me by ___[hw: *Rut Rivera*]_____, whose personal information is as stated above and whom I certify that I know [hw: *Lic. 4494679*]_____, (p*ersonal knowledge or, otherwise, the supplementary means of identification laid down in the Notary Act)*

In [hw: *San Juan*]___, Puerto Rico, this [hw: *21st*] of [hw: *December, 2018*].

[Commonwealth of Puerto Rico Treasury Department Stamp and Receipt:

**Stamp**
(bar code)

**RECEIPT**
No. (illegible) **00095624**
9397
12/06/2018
(Treasury Logo)   $5.00
$5 Legal Aid Stamp
(illegible number)]

_____[illegible signature]_____
NOTARY PUBLIC

[partially legible round seal over stamp and receipt on left:
MANUEL VALLECILLO
ATTORNEY - NOTARY PUBLIC
(illegible)]

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, CAROLINA PART**

| | |
|---|---|
| **BARBARA PALOMINO ALONSO**<br>**PLAINTIFF**<br><br>**V.**<br><br>Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Insurance Companies A and B<br><br>**DEFENDANTS** | **CIVIL:**<br>*CA2018cv03609*<br><br>**RE:**<br>*404*<br><br>**WRONGFUL TERMINATION; ACTS 80 OF 1976; ACT 100 OF 1959; TITLE VII OF THE CIVIL RIGHTS ACT; ACT 115, ART. 1802**<br>**(UNDER SUMMARY PROCEDURE OR ACT 2)** |

THE UNITED STATES OF AMERICA
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO,

TO: Stonemor GP LLC foreign corporation authorized to conduct business in Puerto Rico with resident agent at The Prentice Hall Corporation System Puerto Rico Inc. C/O Fast Solutions LLC Citi Tower 252 Ponce de León, Floor 20, San Juan, PR 00918.

YOU ARE HEREBY summoned to file with the court your responsive pleading to the attached complaint within ten (10) days of service of this summons, if service occurs in the judicial district where the action is filed, and within fifteen (15) days, otherwise, excluding the day of service, serving a copy thereof on the plaintiff's attorney or the plaintiff, if the plaintiff does not have an attorney. Should you fail to file your responsive pleading within the aforementioned period, the court may enter default judgment against you and grant the relief sought in the complaint or any other relief that the court may deem pertinent in the exercise of its sound judgment. Please serve answer on:

**MS. ALMA Y. DURÁN NIEVES, ESQ.-RUA 15,153**
**DLC, LLC**
**COND. ALTAGRACIA 5-C262 URUGUAY STREET**
**SAN JUAN, PR 00917**
**(787) 432-4444**
**DURANLEGALCONSULTING@GMAIL.COM**

[ink stamp: DEC 21 2018]
Issued under my signature and the seal of the Court, this _____, _____.

[ink stamp:
**Atty. Marilyn Aponte Rodríguez**
Regional Clerk]
Court Clerk

[ink stamp:
**Angélica M. Romero Chaparro**
Deputy Court Clerk] [initials]
Deputy Court Clerk

[round ink stamp:
COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SUPERIOR COURT, CAROLINA PART
(illegible) F015]

Case No.: _____

## PROOF OF SERVICE

[hw: *of legal age, single, resident of San Juan, summons server*]

I, [hw: *Rut Rivera*], hereby declare that I have the legal capacity required under Rule 4.3 of the Puerto Rico Rules of Civil Procedure, and I certify that the summons and the complaint in the case of reference were served by me on  [hw: *December 21*] , [hw: *2018*] , as follows:

_____ By personal delivery to the defendant at the following physical address: _____

_____ Making them accessible to the defendant in the defendant's immediate presence at the following physical address:_____

  *X*   Leaving a copy of the documents with an agent authorized by the defendant or designated by law to receive summonses at the following physical address:
[hw: *The Prentice Hall Corporation System, PR Inc. Citi Tower, 252 Ponce de León Ave. Floor 20*]

_____ The summons could not be served in person because: _____

## COSTS OF SERVICE

$ _____

## SUMMONS SERVER'S STATEMENT

I hereby declare under penalty of perjury, in accordance with the laws of the Commonwealth of Puerto Rico, that the information provided in the proof of service above is true and correct.

AND IN WITNESS WHEREOF, I sign the foregoing in [hw: *San Juan*] , Puerto Rico, this ____ of _____.

[illegible signature]
(Signature of Summons Server)
[hw: *378 Juan A. Dávila St. 378 SJ* ]
(Address of Summons Server)

AFFIDAVIT NO.: [hw: *9992*]

Sworn to and signed before me by   [hw: *Rut Rivera*]                             , whose personal information is as stated above and whom I certify that I know [hw: *Lic. 4494679*]            , (p*ersonal knowledge or, otherwise, the supplementary means of identification laid down in the Notary Act*)

In [hw: *San Juan*] , Puerto Rico, this [hw: *21st* ] of [hw: *December, 2018* ].

[Commonwealth of Puerto Rico Treasury Department Stamp and Receipt:

**Stamp**
(bar code)

**RECEIPT**
No. (illegible)
                (illegible)
                (illegible)
(Treasury Logo)    (illegible)
        $5 Legal Aid Stamp
        (illegible number)]

[illegible signature]
NOTARY PUBLIC

[partially legible round seal over stamp and receipt on left:
MANUEL VALLECILLO
ATTORNEY - NOTARY PUBLIC
(illegible)]

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, CAROLINA PART**

| | |
|---|---|
| **BARBARA PALOMINO ALONSO**<br>**PLAINTIFF**<br><br>**V.**<br><br>Stonemor Puerto Rico LLC<br>Stonemor Puerto Rico Cemetery and Funeral Inc.<br>Stonemor Puerto Rico Subsidiary LLC<br>Stonemor GP LLC<br>Insurance Companies A and B<br><br>**DEFENDANTS** | **CIVIL: CA2018CV03609 (404)**<br><br>**RE:**<br><br>**WRONGFUL TERMINATION; ACTS 80 OF 1976; ACT 100 OF 1959; TITLE VII OF THE CIVIL RIGHTS ACT; ACT 115, ART. 1802**<br>**(UNDER SUMMARY PROCEDURE OR ACT 2)** |

**URGENT MOTION TO ENTER DEFAULT AGAINST ALL DEFENDANTS**

**TO THE HONORABLE COURT**

Comes now the Plaintiff, Bárbara Palomino Alonso, through the undersigned legal counsel, who very respectfully **STATES, ALLEGES AND PRAYS**:

1. The Plaintiff, Bárbara Palomino Alonso, timely served all the Co-Defendants on December 21, 2018. We are attaching a copy of the summonses served on all the co-defendants.

2. The Co-Defendants had until January 5, 2019, to answer the complaint. At the time of filing of this motion, the Co-Defendants have not answered the complaint of caption.

3. Given that they failed to answer in a timely manner or request an extension of time, in accordance with the summary procedure and applicable case law, we hereby petition the Court to enter default against all of the Co-Defendants, entering judgment accordingly and/or scheduling the pertinent hearing on damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff very respectfully prays that this Honorable Court take notice of the foregoing, **GRANT** this Complaint and consequently order the Co-Defendants to jointly pay to the Plaintiff the sums claimed in the Complaint, as well as 25% for attorney's fees, and any and all penalties provided by law, costs, expenses and interest accrued since the filing of the Complaint or any and all remedies that the appearing party is entitled to.

**RESPECTFULLY SUBMITTED**, in San Juan for Carolina, Puerto Rico, this 8th of January 2019.

s/ **MS. ALMA Y. DURÁN NIEVES, ESQ.**-RUA 15,153
Cond. Altagracia 5C #262 Uruguay Street
San Juan, PR 00917
Tel.: (787) 432-4444
Email: duranlegalconsulting@gmail.com

[CERTIFIED TRANSLATION]

**COMMONWEALTH OF PUERTO RICO**
**GENERAL COURT OF JUSTICE**
**COURT OF FIRST INSTANCE**
**JUDICIAL CENTER OF CAROLINA**
SUPERIOR COURT, CAROLINA PART

| | |
|---|---|
| BARBARA PALOMINO ALONSO | CASE NO: CA2018cv03609 (CIVIL 404) |
| VS. | SUMMARY PROCEDURE OF<br>RE: EMPLOYMENT CLAIMS (ACT 2-1961) |
| STONEMOR PUERTO RICO CEMETERY AND FUNERAL INC. ET AL. | |

**NOTIFICATION**

TO:   ALMA Y. DURÁN NIEVES
       DURANLEGALCONSULTING@GMAIL.COM

STONEMOR GP LLC
THE PRENTICE HALL CORP C/O FAST SOLUTIONS LLC, CITI TOWER 252 PONCE DE LEON FLOOR 20, SAN JUAN, PUERTO RICO 00918

STONEMOR PUERTO RICO CEMETERY AND FUNERAL INC.
CSC/PRENTICE HALL C/O FAST SOLUTIONS LLC, 105 PONCE DE LEON AVE., SAN JUAN, PUERTO RICO 00917

STONEMOR PUERTO RICO LLC
PRENTICE HALL C/O FAST SOLUTIONS LLC, CITI TOWER 252 PONCE DE LEON AVE FLOOR 20, SAN JUAN, PUERTO RICO 00918

STONEMOR PUERTO RICO SUBSIDIARY LLC
THE PRENTICE HALL CORP C/O FAST SOLUTIONS LLC, CITI TOWER 252 PONCE DE LEON AVE. FLOOR 20, SAN JUAN, PUERTO RICO 00918

The undersigned Clerk hereby certifies, and informs you, that in relation to the MOTION TO ENTER DEFAULT [4], this Court issued an ORDER on January 09, 2019.

The decision is transcribed below:
GRANTED. ALSO, HEARING IN DEFAULT IS SET FOR JANUARY 29, 2019, 2:00 PM. [7]

s/ WILFREDO J. MALDONADO GARCÍA

YOU ARE HEREBY ADVISED that you being a party or a party's legal counsel in the matter that this ORDER pertains to, you can file for an appeal, review, or writ of certiorari, in accordance with the procedure, and within the term established by law, rule or regulation.

I DO HEREBY CERTIFY that the decision issued by the court was duly registered and filed today, January 10, 2019, and that a copy hereof was sent to the aforementioned persons at their addresses of record in the matter, in accordance with applicable rules. A copy of this notification was also filed in the records of this case today.

In Carolina, Puerto Rico, on January 10, 2019.

| MARILYN APONTE RODRÍGUEZ | By: s/ DENISSE MINERVA TORRES RUIZ |
|---|---|
| Name of the Regional Clerk | Name and Signature of the Deputy Court Clerk |

OAT 1812 – Standard Notification Form – Judgments, Resolutions, Orders and Minutes
(November 2016) / SUMA

---

CERTIFICATION OF TRANSLATION

I, Carol G. Terry, a US-Court-Certified-Interpreter and Translator, Certificate No. 03-001, with an MA in Translation from the University of Puerto Rico, do hereby certify that, to the best of my knowledge and abilities, the foregoing SIXTEEN (16) PAGES are a true and correct translation of the original document in Spanish.

*Carol Terry*

Carol G. Terry